RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtors
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Robert L. Rattet, Esq.
Erica Feynman, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:

BYRAM CONCRETE & SUPPLY INC.

                            Debtor.

Tax ID No. 13-3019447
-----------------------------------------------------------------------X
In re:

SOUTH STREET MATERIALS, INC.

                            Debtor.

Tax ID No. 13-3842449
-----------------------------------------------------------------------X

Chapter 11
Case No. 08 B 09 22037(ASH)

Chapter 11
Case No. 08 B 22040(ASH)

## DECLARATION OF LEONARD LUISO PURSUANT
## TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK     )
                          ) ss.:
COUNTY OF WESTCHESTER  )

      LEONARD LUISO, being duly sworn, deposes and says:

      1.      I am the President, 100% shareholder and sole director of both Byram Concrete &

Supply Inc. and South Street Materials, Inc. (respectively, "Byram" and "South Street",

collectively, the "Debtors"). I have served as President of Byram since 1995 and before that time

I was the Vice President. I have served as the President of South Street since I purchased it in 1995. As such, I am familiar with the Debtors' respective operations, businesses and financial affairs.

2.      I submit this affidavit pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

3.      Part I of this Affidavit describes the Debtors' respective businesses and circumstances leading to the commencement of these chapter 11 cases. Part II provides information required by Local Bankruptcy Rule 1007-2.

## PART I

## BACKGROUND

4.      Byram is the leading producer and supplier of ready mixed concrete and currently services approximately 70% of the concrete needs in Westchester county. Byram is located at 56 Lafayette Avenue, White Plains, New York 10603.

5.      The company began in 1910 as "Byram Coal" which was operated in Port Chester, New York on the Byram River. After World War II, the company switched from coal to concrete.

6.      In 1980, my family purchased Byram Coal and over the next decade, we grew the company from four concrete trucks to twenty and built a concrete plant. In the mid 1990s the company moved from its Port Chester location to White Plains, from where it currently operates today.

7.      South Street was purchased in 2004 in connection with the purchase of one other entity, Aggregate Trucking and the real estate on which South Street operates (which real estate

is currently owned by LJL Realty, LLC. South Street also manufactures and delivers ready mix concrete and sells wholesale and retail masonry supplies. South Street operates from 1006 Lower South Street, Peekskill, New York 10566.

8.    While Byram and South Street are in the same business, they service different customers and/ or different customer needs. The Debtors maintain separate business premises, separate books and records and, in most cases, separate employees. As set forth more fully below, in an effort to cut costs, the Debtors have consolidated certain administrative roles; however, in all other aspects of business operations, the Debtors and their affairs and finances are separate and independent of one another.

9.    Today, the concrete business is run with increasingly narrow profit margins and therefore relies heavily on customer volume. During 2005 and 2006, both Debtors enjoyed high volume and revenues. Specifically, Byram sold between 250,000 and 300,000 yards of concrete and South Street sold between 40,000 and 50,000 yards of concrete per year. These sales translated at their height to approximately $32 million and $8 million in sales per year, respectively.  However, over the past two years, as a result of rising costs of raw materials and fuel, profit margins fell off completely and in fact, both Debtors suffered continuing losses. These continuing losses made it impossible for the Debtors remain current on their obligations including payments to Citibank, Byram's pre-petition lender, their respective union obligations, trade creditors and even their basic operating expenses such as rent.

10.    Moreover, in 2005 and 2006, development in Westchester county was on the rise. The buzz was loud about Yonkers waterfront projects, the Cross County Center redevelopment, the Route 287 reconstruction, the entrance of the Trump corporation into the New Rochelle and the rapid redevelopment of downtown White Plains.

3

11.     In order to be best positioned to take advantage of the anticipated opportunities, the Debtors expanded their operations. Additional locations were acquired by the Debtor's principal, employees were hired, administrative employees were hired and systems were implemented. This expansion, while not entirely an expansion by the Debtors, took money, time and attention that otherwise could have been most helpful to the Debtors in weathering the downturn in volume and increase in cost of goods thrust upon the Debtors.

12.     Although some of the anticipated Westchester county development did in fact materialize, the volume of business and pace of development that was anticipated by the construction industry did not come to fruition and those companies who strategically positioned themselves to take advantage of this boom, as the Debtors did here, suffered as they struggled to downshift and downsize accordingly.

13.     In an effort to react to this worsening situation, the Debtors recently took a number of cost cutting measures. Specifically, Byram recently laid off three (3) management level employees and two (2) dispatchers for a total savings of approximately $300,000 per year. Byram also closed its sand dock facility in Mount Vernon for a total yearly savings of $240,000 per year and consolidated its office space in order to reduce its monthly rental obligations.

14.     The Debtors have also consolidated certain of its back office functions, they have converted to a central dispatch operation instead of maintaining separate dispatchers and have allocated the cost for same by 2:1, respectively, and have centralized their billing departments.

15.     In addition, the Debtors have installed satellite tracking systems in all of its trucks which the Debtors believe will increase efficiency of the Debtors' respective operations.

16.     South Street also has employed significant cost cutting measures specific to its own operations. Over the last year it has laid off its plant manager and its bookkeeper resulting in

4

an approximate yearly savings of $200,000. Most significant however is South Street's decision to temporarily cease operations during its slow season, the winter. In connection with the temporary shut down, the Debtor has laid off all of its employees and has drastically slashed its monthly operating expenses. It anticipates reopening its operations in early to mid-March of this year.

17.     Typically, concrete companies do not shut down in the slow season for fear of not being able to service customers and thus losing them to competitors. However, in this case, South Street is confident that it can maintain its customer relationships by having the limited winteractivity on these accounts serviced by Byram.

18.     Despite these aggressive cost cutting measures which have been recently employed by the Debtors, the Debtors are still in need of the protections that Chapter 11 provides. Specifically, over the last two years, the Debtors continuing losses have impaired their ability to remain current on its obligations to such creditors as its lender, their responsive unions and their ordinary trade creditors. Although the Debtors have had steady business, they have each had to make major adjustments in order to compensate for the market changes as discussed above.

19.     The Debtors are confident that Chapter 11 will enable them to obtain some breathing room from their creditors, afford them the time to restructure their operations and obligations and begin to see the savings they anticipate. The Debtors intend to take advantage of current and future revenues thereby enabling them to fund a plan of reorganization, successfully emerge from bankruptcy and regain their position as Westchester's premier concrete provider.

5

**PART II**

**INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007**

20.    In addition to the foregoing, Local Bankruptcy Rule 1007-4 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-2(a)(1)**

21.    The Debtors are concrete manufacturers and suppliers. South Street is also a wholesale and retail masonry supplier. The Debtors' bankruptcy was precipitated by the operating losses suffered by the Debtors in 2007 and 2008.

**Local Rule 1007-2(a)(2)**

22.    This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. No trustee or committee has been appointed herein.

**Local Rule 1007-2(a)(3)**

23.    Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

24.    A list of the names and addresses of the Debtors' respective 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting under 11 U.S.C. Section 702; those who were employees of the Debtors at the Filing Date, and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

25.    A list of the names and addresses of the Debtors' respective five largest secured

6

creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

26.     Summaries of the Debtors' assets and liabilities are annexed as **Schedule III**.

**Local Rule 1007-2(2)(7)**

27.     There are no publicly held securities of the Debtor. Leonard Luiso is the 100%

shareholder of each Debtor.

**Local Rule 1007-2(2)(8)**

28.     None of the Debtor's property is in the possession of any custodian, public

officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

29.     Byram's offices are located at 56 Lafayette Avenue, White Plains, New York.

South Street's offices are located at 1006 Lower South Street, Peekskill, New York.

**Local Rule 1007-2(a)(10)**

30.     The Debtors' substantial assets as well as its books and records are located at its

offices (as described above).

31.     The Debtors do not own any assets outside the territorial limits of the United

States.

**Local Rule 1007-2(a)(11)**

32.     Pending actions or proceedings against the Debtors or their property are annexed

hereto as **Exhibit IV.**

**Local Rule 1007-2(a)(12)**

33.     The senior management of the Debtors consists of President, Leonard Luiso,

Chief Operating Officer, Paul Schmieder and Controller, Terry Solazzo.

**Local Rule 1007-2(b)(1)**

34.     The estimated payroll to the employees of Byram, exclusive of officers and directors, for the thirty (30) day period following the filing of the chapter 11 petition is $366,980.83 which sum is inclusive of all payroll taxes, wage and union related benefits.

35.     The estimated payroll to the employees of South Street, exclusive of officers and directors, for the thirty (30) day period following the filing of the chapter 11 petition is $13,253.89 which sum is inclusive of all payroll taxes and related benefits.

**Local Rule 1007-2(b)(2)**

36.     The estimated amount to be paid by Byram for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $14,723.08.

37.     The estimated amount to be paid by South Street for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $4,000.

**Local Rule 1007-2(b)(3)**

38.     The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule V**.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

_/s/ Leonard Luiso_
LEONARD LUISO, President

Sworn to before me this
8th day of January, 2009.


_/s/ Jonathan S. Pasternak_
Notary Public

## Schedule I

### List of Debtors' 20 Largest Unsecured Creditors

# United States Bankruptcy Court
## Southern District of New York

In re   **BYRAM CONCRETE & SUPPLY INC.**         Case No.   <u>09-22037</u>

                   Debtor(s)         Chapter    <u>11</u>

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or chapter 9*] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) <br><br>*Name of creditor and complete mailing address including zip code* | (2) <br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3) <br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4) <br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5) <br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| TEAMSTERS LOCAL456 BEN. FUNDS <br>160 SOUTH CENTRAL AVENUE <br>ELMSFORD, NY 10523 | TEAMSTERS LOCAL456 BEN. FUNDS <br>160 SOUTH CENTRAL AVENUE <br>ELMSFORD, NY 10523 | | | 1,422,670.24 |
| LAFARGE NORTH AMERICA <br>P.O. BOX 13682 <br>NEWARK, NJ 07188 | LAFARGE NORTH AMERICA <br>P.O. BOX 13682 <br>NEWARK, NJ 07188 | | | 850,924.17 |
| TILCON NEW YORK, INC. <br>P.O. BOX 34550 <br>NEWARK, NJ 07189-4550 | TILCON NEW YORK, INC. <br>P.O. BOX 34550 <br>NEWARK, NJ 07189-4550 | | | 799,754.61 |
| HOLCIM US INC. <br>P.O. BOX 8500-6930 <br>PHILADELPHIA, PA 19178-6930 | HOLCIM US INC. <br>P.O. BOX 8500-6930 <br>PHILADELPHIA, PA 19178-6930 | | | 778,972.17 |
| ESSEX CEMENT COMPANY <br>P.O. BOX 651036 <br>CHARLOTTE, NC 28265 | ESSEX CEMENT COMPANY <br>P.O. BOX 651036 <br>CHARLOTTE, NC 28265 | | | 639,438.61 |
| NEW YORK SAND & STONE, LLC <br>63 FLUSHING AVENUE <br>UNIT 311 <br>BROOKLYN, NY 11205 | NEW YORK SAND & STONE, LLC <br>63 FLUSHING AVENUE <br>UNIT 311 <br>BROOKLYN, NY 11205 | | | 441,820.00 |
| AMERICAN EXPRESS <br>P.O. BOX 2855 <br>NEW YORK, NY 10116-2855 | AMERICAN EXPRESS <br>P.O. BOX 2855 <br>NEW YORK, NY 10116-2855 | | | 405,865.77 |
| WEST SHORE SAND <br>P.O. BOX 2002 <br>HOLTVILLE, NY 11742 | WEST SHORE SAND <br>P.O. BOX 2002 <br>HOLTVILLE, NY 11742 | | | 249,625.86 |
| ASHBY FUEL OIL CORP. <br>99 BEECHWOOD AVENUE <br>NEW ROCHELLE, NY 10801 | ASHBY FUEL OIL CORP. <br>99 BEECHWOOD AVENUE <br>NEW ROCHELLE, NY 10801 | | | 192,767.13 |
| N&T REPAIRS <br>33-30 127TH STREET <br>CORONA, NY 11368 | N&T REPAIRS <br>33-30 127TH STREET <br>CORONA, NY 11368 | | | 183,764.89 |

In re   <u>BYRAM CONCRETE & SUPPLY INC.</u>             Case No.   <u>09-22037</u>

Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

| (1) <br><br>*Name of creditor and complete mailing address including zip code* | (2) <br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3) <br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4) <br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5) <br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| M.A.T. ENTERPRISES, INC.<br>P.O. BOX 277<br>GARNERVILLE, NY 10923 | M.A.T. ENTERPRISES, INC.<br>P.O. BOX 277<br>GARNERVILLE, NY 10923 | | | 147,263.70 |
| BASF ADMIXTURES, INC.<br>24503 NETWORK PLACE<br>CHICAGO, IL 60673-1245 | BASF ADMIXTURES, INC.<br>24503 NETWORK PLACE<br>CHICAGO, IL 60673-1245 | | | 110,865.90 |
| F&R INDUSTRIES, INC.<br>50 PECONIC AVENUE<br>MEDFORD, NY 11763 | F&R INDUSTRIES, INC.<br>50 PECONIC AVENUE<br>MEDFORD, NY 11763 | | | 105,399.85 |
| PICCO CONSTRUCTION, LLC<br>154 EAST POST ROAD<br>MAMARONECK, NY 10543 | PICCO CONSTRUCTION, LLC<br>154 EAST POST ROAD<br>MAMARONECK, NY 10543 | | | 58,278.01 |
| MATERIAL LOGISTICS, INC.<br>P.O. BOX 790008<br>MIDDLE VILLAGE, NY 11379 | MATERIAL LOGISTICS, INC.<br>P.O. BOX 790008<br>MIDDLE VILLAGE, NY 11379 | | | 56,809.08 |
| NORTHEAST SOLITE<br>P.O. BOX 437<br>MOUNT MARION, NY 12456 | NORTHEAST SOLITE<br>P.O. BOX 437<br>MOUNT MARION, NY 12456 | | | 52,556.34 |
| A. PERFECT GOLDMAN ELECTRICAL<br>48 POTTER AVENUE<br>NEW ROCHELLE, NY 10801 | A. PERFECT GOLDMAN ELECTRICAL<br>48 POTTER AVENUE<br>NEW ROCHELLE, NY 10801 | | | 39,977.36 |
| LOCAL 137 JOINT FUND<br>1360 PLEASANTVILLE ROAD<br>BRIARCLIFF MANOR, NY 10510 | LOCAL 137 JOINT FUND<br>1360 PLEASANTVILLE ROAD<br>BRIARCLIFF MANOR, NY 10510 | | | 34,221.07 |
| KEANE & BEANE, P.C.<br>445 HAMILTON AVENUE<br>15TH FLOOR<br>WHITE PLAINS, NY 10601 | KEANE & BEANE, P.C.<br>445 HAMILTON AVENUE<br>15TH FLOOR<br>WHITE PLAINS, NY 10601 | | | 25,923.75 |
| ARCTIC GLASIER INC., NY<br>NEW YORK REGION<br>500 FENIMORE ROAD<br>MAMARONECK, NY 10543 | ARCTIC GLASIER INC., NY<br>NEW YORK REGION<br>500 FENIMORE ROAD<br>MAMARONECK, NY 10543 | | | 25,470.50 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the PRESIDENT of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  <u>January 8, 2009</u>         Signature  <u>/s/ LEONARD J. LUISO</u>

                                        LEONARD J. LUISO<br>                                        PRESIDENT

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Southern District of New York

In re    SOUTH STREET MATERIALS, INC.                        Case No. _____

                                      Debtor(s)               Chapter     11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

      Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| F&R INDUSTRIES, INC.<br>26 WILLIAMS AVENUE<br>HOLTVILLE, NY 11742 | F&R INDUSTRIES, INC.<br>26 WILLIAMS AVENUE<br>HOLTVILLE, NY 11742 | MATERIAL DEBT | | 265,499.01 |
| LAFARGE NORTH AMERICA<br>P.O. BOX 13682<br>NEWARK, NJ 07188 | LAFARGE NORTH AMERICA<br>P.O. BOX 13682<br>NEWARK, NJ 07188 | MATERIAL DEBT | | 253,335.25 |
| TEAMSTERS LOCAL 456<br>160 SOUTH CENTRAL<br>AVENUE<br>ELMSFORD, NY 10523 | TEAMSTERS LOCAL 456<br>160 SOUTH CENTRAL AVENUE<br>ELMSFORD, NY 10523 | DEBT | | 236,321.10 |
| ST. LAWRENCE CEMENT<br>CO., LLC.<br>P.O. BOX 8500-6930<br>PHILADELPHIA, PA 19178 | ST. LAWRENCE CEMENT CO., LLC.<br>P.O. BOX 8500-6930<br>PHILADELPHIA, PA 19178 | MATERIAL DEBT | | 146,916.69 |
| TILCON NEW YORK, INC.<br>162 OLD MILL ROAD<br>WEST NYACK, NY 10994 | TILCON NEW YORK, INC.<br>162 OLD MILL ROAD<br>WEST NYACK, NY 10994 | MATERIAL DEBT | | 90,066.72 |
| PREMIUM PETROLEUM, INC.<br>31 ALBANY POST ROAD<br>P.O. BOX 117<br>MONTROSE, NY 10548 | PREMIUM PETROLEUM, INC.<br>31 ALBANY POST ROAD<br>P.O. BOX 117<br>MONTROSE, NY 10548 | MATERIAL DEBT | | 36,510.57 |
| CJN ENTERPRISES<br>4 FOWLER AVENUE<br>OSSINING, NY 10562 | CJN ENTERPRISES<br>4 FOWLER AVENUE<br>OSSINING, NY 10562 | MATERIAL DEBT | | 32,544.48 |
| AMERICAN EXPRESS<br>P.O. BOX 2855<br>NEW YORK, NY 10116-2855 | AMERICAN EXPRESS<br>P.O. BOX 2855<br>NEW YORK, NY 10116-2855 | CREDIT CARD DEBT | | 29,317.33 |
| LOCAL 137 JOINT FUND<br>1360 PLEASANTVILLE ROAD<br>BRIARCLIFF MANOR, NY<br>10510 | LOCAL 137 JOINT FUND<br>1360 PLEASANTVILLE ROAD<br>BRIARCLIFF MANOR, NY 10510 | BUSINESS DEBT | | 16,186.54 |
| CHASE CARD SERVICES<br>MASTERCARD<br>P.O. BOX 15153<br>WILMINGTON, DE 19886-5153 | CHASE CARD SERVICES<br>MASTERCARD<br>P.O. BOX 15153<br>WILMINGTON, DE 19886-5153 | CREDIT CARD DEBT | | 14,150.38 |

In re   <u>SOUTH STREET MATERIALS, INC.</u>                     Case No.  <u>                  </u>

Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| DEGUSSA ADMIXTURES, INC.<br>24503 NETWORK PLACE<br>CHICAGO, IL 60673-1245 | DEGUSSA ADMIXTURES, INC.<br>24503 NETWORK PLACE<br>CHICAGO, IL 60673-1245 | MATERIAL DEBT | | 11,774.13 |
| HIGH BRIDGE STONE CO.<br>P.O. BOX 228<br>HIGHBRIDGE, NJ 08829 | HIGH BRIDGE STONE CO.<br>P.O. BOX 228<br>HIGHBRIDGE, NJ 08829 | MATERIAL DEBT | | 9,382.00 |
| KINGSTON BLOCK & MASONRY<br>1 KIEFER LANE<br>KINGSTON, NY 12401 | KINGSTON BLOCK & MASONRY<br>1 KIEFER LANE<br>KINGSTON, NY 12401 | MATERIAL DEBT | | 7,927.20 |
| H&C TRUCK REPAIR<br>801 NEPPERHAN AVENUE<br>YONKERS, NY 10703 | H&C TRUCK REPAIR<br>801 NEPPERHAN AVENUE<br>YONKERS, NY 10703 | MATERIAL DEBT | | 5,826.55 |
| RIVERVIEW INDUSTRIES<br>3012 ROUTE 9<br>COLD SPRINGS, NY 10516 | RIVERVIEW INDUSTRIES<br>3012 ROUTE 9<br>COLD SPRINGS, NY 10516 | MATERIAL DEBT | | 5,560.66 |
| MCNEILUS TRUCK & MFG CO.<br>524 COUNTRY ROAD<br>34 EAST P.O. BOX 70<br>DODGE CENTER, MN 55927 | MCNEILUS TRUCK & MFG CO.<br>524 COUNTRY ROAD<br>34 EAST P.O. BOX 70<br>DODGE CENTER, MN 55927 | MATERIAL DEBT | | 3,343.42 |
| ESSEX CEMENT COMPANY<br>P.O. BOX 651036<br>CHARLOTTE, NC 28265 | ESSEX CEMENT COMPANY<br>P.O. BOX 651036<br>CHARLOTTE, NC 28265 | MATERIAL DEBT | | 2,703.52 |
| CORSI TIRE<br>24 WESTCHESTER AVENUE<br>P.O. BOX 51<br>THORNWOOD, NY 10594 | CORSI TIRE<br>24 WESTCHESTER AVENUE<br>P.O. BOX 51<br>THORNWOOD, NY 10594 | MATERIAL DEBT | | 1,617.75 |
| WEST HOOK & GRAVEL, INC.<br>P.O. BOX 16<br>CROSS RIVER, NY 10518 | WEST HOOK & GRAVEL, INC.<br>P.O. BOX 16<br>CROSS RIVER, NY 10518 | MATERIAL DEBT | | 1,500.00 |
| KFW DECORATIVE MATERIALS, INC.<br>3595 ROUTE 82<br>MILLBROOK, NY 12545 | KFW DECORATIVE MATERIALS, INC.<br>3595 ROUTE 82<br>MILLBROOK, NY 12545 | MATERIAL DEBT | | 1,300.00 |

In re   <u>**SOUTH STREET MATERIALS, INC.**</u>                                 Case No.  <u>                               </u>

Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the PRESIDENT of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  <u>**January 12, 2009**</u>             Signature   <u>**/s/ LEONARD LUISO**</u>                            

                                                      **LEONARD LUISO**
                                                      **PRESIDENT**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

**Schedule II**

**List of Debtors' 5 Largest Secured Creditors**

**BYRAM CONCRETE & SUPPLY INC.**

Citibank, N.A.                              $4,149,137.01
450 Mamaroneck Avenue
Harrison, New York 10528

**SOUTH STREET MATERIALS, INC.**

Bank of New York/ Chase                $    93,436.67
P.O. Box 9001022
Louisville, Kentucky 40290-1022

**Schedule III**

# Balance Sheet

Byram
Consolidated Balance Sheet

|  | October 2008 | December 31 2007 |
|---|---|---|
| **Assets** | | |
| | | |
| **Current Assets** | | |
| Cash | 196,288.72 | 707,768.51 |
| Accounts Receivable | | |
| (net of Allowance of $1,300,000 and $1,: | 4,742,307.39 | 5,989,407.10 |
| Inventory | 452,000.00 | 502,671.00 |
| Other Receivables | 377,613.23 | 494,686.32 |
| D/T/F - Byram Ready Mix | - | - |
| Prepaid Expenses | 378,575.54 | 329,577.92 |
| Total Current Assets | 6,146,784.88 | 8,024,110.85 |
| | | |
| **Property, Plant & Equipment** | | |
| Furniture & Fixtures | 78,236.77 | 139,466.33 |
| Transportation Equipment | 4,818,822.14 | 4,580,266.13 |
| Machinery & Equipment | 1,204,165.42 | 1,157,779.84 |
| Leasehold Improvements | 317,959.00 | 317,959.00 |
| Computer Equip. & S/W | 152,555.50 | - |
| Property, Plant & Equipment | 6,571,738.83 | 6,195,471.30 |
| | | |
| Less Accumulated Dpereciation | (5,181,309.85) | (5,074,912.00) |
| | | |
| Net Property, Plant & Equipment | 1,390,428.98 | 1,120,559.30 |
| | | |
| Total Assets | 7,537,213.86 | 9,144,670.15 |
| | | |
| **Liabilities and Stockholders' Equity** | | |
| | | |
| **Current Liabilities** | | |
| Accounts Payable & Accrued Expenses | 7,498,770.54 | 6,760,799.20 |
| CitiBank Line of Credit | 2,650,000.00 | 2,650,000.00 |
| CitiBank Note (Current portion) | 360,000.00 | 360,000.00 |
| | | |
| Total Current Liabilities | 10,508,770.54 | 9,770,799.20 |
| | | |
| **Long-Term Liabilities** | | |
| CitiBank Note | 1,105,465.95 | 1,401,954.99 |
| Loan Payable - Byram Concrete | - | |
| Officer Loans | 752,700.12 | 430,946.57 |
| Loans - other | 159,961.16 | 34,532.03 |
| Total Long-Term Liabilities | 2,018,127.23 | 1,867,433.59 |
| | | |
| Total Liabilities | 12,526,897.77 | 11,638,232.79 |
| | | |
| **Stockholders' Equity (Deficit)** | | |
| Common Stock | 460,241.00 | 460,241.00 |
| Treasury Stock | (672,650.00) | (672,650.00) |
| Additional Paid In Capital | 700,000.00 | 650,000.00 |
| Retained Earnings | (5,477,274.91) | (2,931,153.64) |
| Total Stockholders' Equity (Deficit) | (4,989,683.91) | (2,493,562.64) |
| | | |
| Total Liabilities and Stockholders' Equity | 7,537,213.86 | 9,144,670.15 |

SOUTH STREET MATERIALS, INC
ESTIMATED FIGURES

BALANCE SHEET
DECEMBER 31, 2008

## ASSETS

| | | |
|---|---:|---:|
| **Current Assets:** | | |
| Cash in Bank | $ 159,204 | |
| Accounts Receivable | 2,251,390 | |
| Merchandise Inventory | 75,000 | |
|    Total Current Assets | | $ 2,485,594 |
| | | |
| **Fixed Assets:** | | |
| Autos and Trucks | $ 499,432 | |
| Office Equipment | 76,338 | |
| Accumulated Depreciation | -200,000 | |
|    Total Fixed Assets | | 375,770 |
| | | |
| **TOTAL ASSETS** | | $ 2,861,364 |

## LIABILITIES

| | | |
|---|---:|---:|
| **Current Liabilities:** | | |
| Accounts Payable | $ 1,949,178 | |
| Loan Pay - Orix Fin. | 77,856 | |
| Loan Pay. - Chase | 100,000 | |
|    Total Current Liabilities | | $ 2,127,034 |
| | | |
| **Long-Term Liabilities:** | | |
| Loan Pay - Orix Fin. | $ 50,416 | |
| Loan Pay - Byram Conc. | 500,000 | |
|    Total Long-Term Liabilities | | 550,416 |
| | | |
| **TOTAL LIABILITIES** | | 2,677,450 |

## EQUITY

| | | |
|---|---:|---:|
| Capital Stock | $ 134,239 | |
| Retained Earnings | 2,356 | |
| Year to Date Earnings | 47,319 | |
|    Total Stockholder's Equity | | 183,914 |
| | | |
| **TOTAL LIABILITIES AND STOCKHOLDER'S EQUITY** | | $ 2,861,364 |

THESE NUMBERS ARE UNAUDITED AND ARE THE REPRESENTATION OF MANAGEMENT

## Schedule IV

Bilotta Construction Corp. v. Byram Concrete and Supply, Inc. Index No. 1010/2008, Supreme Court of the State of New York, County of Putmam. Action for breach of contract and/or negligence. Pending, awaiting transfer to Westchester County.

Almeida Oil Co., Inc. v. Byram Concrete & Supply, Inc. and Leaonard J. Luiso, Individually Index No. 06-24634, Supreme Court of the State of New York, County of Westchester. Discovery complete, waiting for Plaintiff to file Note of Issue.

South Street Materials, Inc. and Byram Concrete & Supply, Inc. v. HVA Realty LLC et al. Index No. 18410/08, Supreme Court of the State of New York, County of Westchester. Seeking Mechanic's Lien Foreclosure, pending.

Byram Concrete & Supply, Inc. and Byram Redi Mix, Inc. v. City of New Rochelle, Frank Tricarico Contractors, Inc. and Frank Tricarico. Index No. 4331/09, Supreme Court of the State of New York, County of Westchester. Pending.

Byram Concrete & Supply, Inc. v. The Osborn, Kreisler Borg Florman General Construction Co., Inc. et al. Index No. 19652/02, Supreme Court of the State of New York, County of Westchester. Multi-party litigation, scheduled for trial 2/17/09.

**Exhibit V**

**Projections**

**Byram Concrete**
Consolidated Statement of Operations

| | WE 1/3/09 | WE 1/10/09 | WE 1/17/09 | WE 1/24/09 | WE 1/31/09 | 1 Months Ended Jan 31, 2009 |
|---|---|---|---|---|---|---|
| Yardage | 143.0 | 1,856.5 | 2,500.0 | 2,000.0 | 2,300.5 | 8,800.0 |
| Selling Price | $125 | $125 | $125 | $125 | $125 | $124.95 |
| Sales | $17,868 | $231,970 | $312,376 | $249,901 | $287,448 | $1,099,563 |
| Material costs | $9,181 | $119,187 | $160,500 | $128,400 | $147,692 | $564,960 |
| Variable Labor Costs | 2,308 | 29,964 | 40,350 | 32,280 | 37,130 | 142,032 |
| Fixed Labor Costs | 1,007 | 27,254 | 31,785 | 28,264 | 30,380 | 118,689 |
| Payroll Taxes | 488 | 8,423 | 10,617 | 8,912 | 9,937 | 38,375 |
| Insurance | 865 | 11,223 | 15,113 | 12,090 | 13,907 | 53,196 |
| 401k safe harbor | 0 | 0 | 0 | 0 | 0 | 0 |
| Other Expenses | 2,805 | 79,195 | 70,178 | 49,006 | 46,746 | 247,930 |
| Total Exp | $16,653 | $275,245 | $328,542 | $258,952 | $285,791 | $1,165,183 |
| EBITDA | $1,215 | ($43,274) | ($16,166) | ($9,051) | $1,657 | ($65,620) |
| Interest (Income) Expense, n | 0 | 8,250 | 8,250 | 8,250 | 8,250 | 33,000 |
| Depreciation & Amortization I | 0 | 0 | 0 | 0 | 37,000 | 37,000 |
| Net Income (Loss) | $1,215 | ($51,524) | ($24,416) | ($17,301) | ($43,593) | ($135,620) |

**Byram Consolidated**
**Cost of Goods Sold**

| | WE 1/3/09 | WE 1/10/09 | WE 1/17/09 | WE 1/24/09 | WE 1/31/09 | 1 Months Ended Jan 31, 2009 Total | Per Yard |
|---|---|---|---|---|---|---|---|
| Yardage | 143.0 | 1,856.5 | 2,500.0 | 2,000.0 | 2,300.5 | 8,800.00 | |
| | | | | | | | |
| Cement | $3,998 | $51,908 | $69,900 | $55,920 | $64,322 | $246,048.00 | $27.96 |
| Stone | 2,697 | 35,014 | 47,150 | 37,720 | 43,387 | 165,968.00 | 18.86 |
| Sand | 2,071 | 26,882 | 36,200 | 28,960 | 33,311 | 127,424.00 | 14.48 |
| Additives | 415 | 5,384 | 7,250 | 5,800 | 6,671 | 25,520.00 | 2.90 |
| **Total Materials** | $9,181 | $119,187 | $160,500 | $128,400 | $147,692 | $564,960.00 | $64.20 |
| | | | | | | | |
| Salaries - Yard | $342 | $4,437 | $5,975 | $4,780 | $5,498 | $21,032.00 | $2.39 |
| O/T - Yard | 97 | 1,262 | 1,700 | 1,360 | 1,564 | 5,984.00 | 0.68 |
| Salaries - Driver | 1,496 | 19,419 | 26,150 | 20,920 | 24,063 | 92,048.00 | 10.46 |
| O/T - Driver | 569 | 7,389 | 9,950 | 7,960 | 9,156 | 35,024.00 | 3.98 |
| Salaries - Mechanic | 438 | 5,683 | 7,663 | 6,122 | 7,042 | 26,936.80 | 3.06 |
| O/T - Mechanic | 146 | 1,894 | 2,550 | 2,040 | 2,347 | 8,976.00 | 1.02 |
| **Total Union Wages** | $3,088 | $40,084 | $53,978 | $43,182 | $49,670 | $190,000.80 | $21.59 |
| | | | | | | | |
| Salaries - Dispatch | $227 | $2,952 | $3,975 | $3,180 | $3,658 | 13,992.00 | 1.59 |
| Union Benefits | 1,203 | 15,613 | 21,025 | 16,820 | 19,347 | 74,008.00 | 8.41 |
| Payroll Taxes | 488 | 6,331 | 8,525 | 6,820 | 7,845 | 30,008.00 | 3.41 |
| **Total Wage Related Expenses** | $5,005 | $64,979 | $87,503 | $70,002 | $80,520 | $308,008.80 | $35.00 |
| | | | | | | | |
| Fuel / Oil | 501 | 6,498 | 8,750 | 7,000 | 8,052 | $30,800.00 | $3.50 |
| Vehicle Expense | 382 | 4,957 | 6,675 | 5,340 | 6,142 | 23,496.00 | 2.67 |
| Yard Expense | 130 | 1,689 | 2,275 | 1,820 | 2,093 | 8,008.00 | 0.91 |
| Plant Expense | 325 | 4,214 | 5,675 | 4,540 | 5,222 | 19,976.00 | 2.27 |
| Professional fees - Plant | 0 | 0 | 5,000 | 0 | 0 | 5,000.00 | 0.57 |
| Electric / Gas | 0 | 2,397 | 3,603 | 0 | 0 | 6,000.00 | 0.68 |
| Water | 0 | 0 | 0 | 500 | 0 | 500.00 | 0.06 |
| Tires | 82 | 1,056 | 1,425 | 1,140 | 1,311 | 5,016.00 | 0.57 |
| License & Permits | 0 | 3,000 | 0 | 0 | 0 | 3,000.00 | 0.34 |
| Equipment Rentals | 0 | 0 | 6,977 | 0 | 0 | 6,976.78 | 0.79 |
| Insurance | 572 | 7,426 | 10,000 | 8,000 | 9,202 | 35,200.00 | 4.00 |
| Rent | 0 | 19,000 | 0 | 0 | 0 | 19,000.00 | 2.16 |
| Other | 0 | 0 | 0 | 0 | 200 | 200.00 | 0.02 |
| **Total Other COGS Expenses** | $1,991 | $50,239 | $50,380 | $28,340 | $32,223 | $163,172.78 | $18.54 |
| | | | | | | | |
| **Total Cost of Goods Sold** | $16,176 | $234,406 | $298,383 | $226,742 | $260,435 | $1,036,141.58 | $117.74 |

**Byram Consolidated**
**Selling, General & Administrative Expenses**

| Yardage | WE 1/3/09 143.0 | WE 1/10/09 1,856.5 | WE 1/17/09 2,500.0 | WE 1/24/09 2,000.0 | WE 1/31/09 2,300.5 | 1 Months Ended Jan 31, 2009 Total 107,200.0 | Per Yard |
|---|---|---|---|---|---|---|---|
| Salary - Sales | $0 | $2,212 | $2,212 | $2,212 | $2,212 | $8,848.00 | $0.08 |
| Officer Salary | 0 | 3,681 | 3,681 | 3,681 | 3,681 | 14,723.08 | 0.14 |
| Administrative Salary | 0 | 8,289 | 8,289 | 8,289 | 8,289 | 33,157.28 | 0.31 |
| Payroll Taxes | 0 | 2,092 | 2,092 | 2,092 | 2,092 | 8,367.43 | 0.08 |
| **Total Wage Related Expenses** | $0 | $16,274 | $16,274 | $16,274 | $16,274 | $65,095.79 | $0.61 |
| Employee Medical Insurance | 0 | 10,414 | (806) | (806) | (202) | 8,599.32 | 0.08 |
| Employee Pension Expense | 0 | 0 | 0 | 0 | 0 | 0.00 | 0.00 |
| **Total Employee Expenses** | $0 | $26,688 | $15,467 | $15,467 | $16,072 | $73,695.11 | $0.69 |
| Insurance | 293 | 3,797 | 5,113 | 4,090 | 4,705 | 17,996.36 | 0.17 |
| Rent | 0 | 0 | 0 | 7,500 | 0 | 7,500.00 | 0.07 |
| Professional fees (Includes ADP) | 184 | 5,960 | 185 | 185 | 185 | 6,698.83 | 0.06 |
| Travel Expense | 0 | 0 | 0 | 0 | 0 | 0.00 | 0.00 |
| Entertainment Expense | 0 | 163 | 163 | 163 | 163 | 850.00 | 0.01 |
| Advertising & Sales Promotions | | 250 | 250 | 250 | 250 | 1,000.00 | 0.01 |
| Dues & Subscriptions | | 250 | 250 | 250 | 250 | 1,000.00 | 0.01 |
| Contributions | | 125 | 125 | 125 | 125 | 500.00 | 0.00 |
| Other Sales Expenses | | 107 | 107 | 680 | 107 | 1,001.00 | 0.01 |
| Telephone | | | 5,000 | | | 5,000.00 | 0.05 |
| Stationary & Office Supplies | 0 | 1,000 | 1,000 | 1,000 | 1,000 | 4,000.00 | 0.04 |
| Repair & Maintenance - Office Equipr | 0 | 1,000 | 1,000 | 1,000 | 1,000 | 4,000.00 | 0.04 |
| Bank and Credit Card fees | 0 | 1,500 | 1,500 | 1,500 | 1,500 | 6,000.00 | 0.06 |
| Bad Debt | 0 | 0 | 0 | 0 | 0 | 0.00 | 0.00 |
| Other Administrative Expenses | 0 | 0 | 0 | 0 | 0 | 0.00 | 0.00 |
| **Total S, G & A Expenses** | $477 | $40,839 | $30,159 | $32,210 | $25,356 | $129,041.30 | $1.20 |

Byram Concrete Supply, Inc.
Projected Expenses

**Byram Concrete Payables by Week**

**Week Ending 1/17/09**

| | | |
|---|---|---|
| AT & T | 125.90 | |
| BNY Leasing | 2,950.28 | |
| EZ Pass | 500.00 | |
| Fed Exp | 191.18 | |
| Mericap | 4,026.50 | |
| N&T Repairs | 3,000.00 | Move hot Water Sys fr Deactivated yonkers Loc |
| NYS Disability Ins | 1,267.20 | |
| Poland Spring | 520.72 | |
| Ricoh america | 179.28 | |
| Rostek, miles | 6,000.00 | |
| Sprint | 2,700.00 | |
| Verizon | 2,001.55 | |
| World call | 1,608.82 | |
| Zano | 7,000.00 | Move hot Water Sys fr Deactivated yonkers Loc |
| | | |
| Payroll | 65,641.00 | |
| Materials | 160,500.00 | |
| Total | 258,212.43 | |

**Week Ending 1/24/09**

| | |
|---|---|
| Honda Financing | 705.00 |
| NYS Ins Fund | 11,306.47 |
| Board of Water | 500.00 |
| | |
| Payroll | 82,752.00 |
| Materials | 128,400.00 |
| Total | 223,663.47 |

## South Street Materials Payables by Week

### Week Ending 1/17/09

|  |  | Estimated Collections |
|---|---|---|
| AAA Carting | 76.67 | |
| American Exp | 600.00 | |
| Cablevision | 129.80 | |
| Con Edison | 948.24 | |
| Fuel/Gas | 1,500.00 | |
| GE Capital | 994.25 | |
| JP McHale | 96.96 | |
| JTC Rent | 2,073.40 | |
| LJL Realty | 6,850.00 | |
| Sprint | 189.49 | |
| Verizon | 252.78 | |
| Officer Payroll | 1,000.00 | |
| Non Officer Payroll | 4,253.89 | |
| Sub Total | 18,965.48 | 145,000.00 |

### Week Ending 1/24/09

| Chase MC | 300.00 | |
|---|---|---|
| Con Edison | 825.00 | |
| First Rehab Life | 600.00 | |
| JTC Rent | 2,958.75 | |
| JWM Rent | 5,177.82 | |
| NYS sales tax | 15,000.00 | |
| Premium Petro | 929.58 | |
| Safeco Ins | - | |
| Thompson, Gloria | 500.00 | reimbursable Exp |
| Officer Payroll | 1,000.00 | |
| Non Officer Payroll | 3,000.00 | |
| Sub Total | 30,291.15 | 100,000.00 |

### Week Ending 1/31/09

| Burnwell gas | 400.00 | |
|---|---|---|
| Chase credit line | 671.15 | |
| Orix | 6,488.00 | |
| State Ins Fund | 5,898.01 | |
| Officer Payroll | 1,000.00 | |
| Non Officer Payroll | 3,000.00 | |
| Sub Total | 17,457.16 | 100,000.00 |

### Week Ending 2/7/09

| GE Capital | 1,732.18 | |
|---|---|---|
| Thompson, Gloria | 500.00 | reimbursable Exp |
| Officer Payroll | 1,000.00 | |
| Non Officer Payroll | 3,000.00 | |
| Sub Total | 6,232.18 | 75,000.00 |

| Total | 72,945.97 | 420,000.00 |
|---|---|---|