RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtors
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

ROBERT L. RATTET
JONATHAN S. PASTERNAK
ERICA R. FEYNMAN
KENDRA M. GOODMAN

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 09 B 22037(ASH) |
| BYRAM CONCRETE & SUPPLY INC., | |
|                 Debtor. | |
| Tax I.D. No. 13-3019447 | |

-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 09 B 22040(ASH) |
| SOUTH STREET MATERIALS, INC., | |
|                 Debtor. | |
| Tax I.D. No. 13-3842449 | |

-------------------------------------------------------------X

**MOTION OF THE DEBTORS FOR AN ORDER (A) AUTHORIZING THE DEBTORS TO (1) PAY AND HONOR CERTAIN PREPETITION CLAIMS FOR (I) WAGES, SALARIES, EMPLOYEE BENEFITS AND OTHER COMPENSATION AND(II) WITHHOLDINGS AND DEDUCTIONS AND (2) CONTINUE TO PROVIDE EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS; (3) PAY ALL RELATED COSTS AND EXPENSES; AND (B) DIRECTING BANKS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND <u>ELECTRONIC PAYMENT REQUESTS RELATING TO THE FOREGOING</u>**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move the Court for entry of an order (the "Order"), in substantially the form attached hereto as <u>Exhibit A</u>, (A) authorizing, but not directing, the Debtors to (1) pay and honor certain prepetition claims for (i) wages, salaries, employee benefits and other compensation and (ii) withholdings and

1

deductions; (2) continue to provide employee benefits in the ordinary course of business and (B) directing banks to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing (the "Motion").In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are sections 105(a), 363(b), 507(a)(3) and 507(a)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code").

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors filed a voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating its businesses and managing its property as a debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has yet been appointed.

4. The Debtors produce and supply ready mixed concrete throughout Westchester County. Byram Concrete & Supply is located at 56 Lafayette Avenue, White Plains, New York 10603, and South Street Materials, Inc. is located at 1006 Lower South Street, Peekskill, New York 10566.

## RELIEF REQUESTED

5. The Debtors employ approximately 41 full time employees, (the "Employees").

6. The Employees are critical to the successful reorganization of the Debtors as they are essential to the Debtors' continued day-to-day operations. Specifically, the Employees perform a variety of critical functions, including administrative, accounting, and management tasks, as well as being teamster drivers, operating engineers, mechanics, and dispatchers.

7. In order to minimize the personal hardship that the Employees will suffer if pre-petition employee-related obligations are not paid when due, and to maintain morale and an essential workforce during this critical time, the Debtors hereby seek authority, in its discretion, to pay and honor certain pre-petition claims for, among other items, wages, salaries, and other compensation, federal and state withholding taxes and other amounts withheld, union dues and benefits, and all other employee benefits that the Debtors have historically provided in the ordinary course of business (collectively, and as more fully described in this Motion, the "Wages and Benefits"), and to pay all fees and costs incident to the foregoing.

8. In addition, the Debtors seek authority to modify, change and discontinue any of the Wages and Benefits, as well as any other employment related policies, wages or benefits in the ordinary course of business during the Chapter 11 Case, in its discretion, without the need for further Court approval.

9. Finally, the Debtors request that banks and other financial institutions be authorized and directed to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing.

**Unpaid Compensation.**

10. The Debtors' average aggregate monthly compensation for employees, including wages and salaries, is approximately $390,826.77. The vast majority of the Employees are paid in arrears on a weekly basis, with checks issued on the Thursday following the end of each weekly period.

11. As of the Petition Date, approximately $63,443.21 in accrued wages, salaries, commissions and other related compensation earned prior to the Petition Date (the "Unpaid Compensation") remains unpaid to Employees. The Debtors seek authority, in its discretion, to pay such Unpaid Compensation to the Employees.

12. None of the Employees who may have Unpaid Compensation as of the Petition Date are owed in excess of the $10,950 priority cap contained in section 507(a)(4) of the Bankruptcy Code.

13. For the reasons discussed below, the Debtors are requesting authority to pay such Unpaid Compensation claims.

**Continued Remittance and Payment of Payroll Deductions.**

14. In connection with the payment of Wages and Benefits to Employees, the Debtors routinely deduct certain amounts from paychecks, including, without limitation, pre and post tax deductions, (collectively, the "Deductions"). In most instances, the Debtors then forward these Deductions to various third-parties.

15. The Debtors are also required to withhold certain federal, state and local income taxes, social security, Medicare taxes and other amounts such as disability from their Employees' wages for remittance, along with certain required employer contributions, to the proper taxing authority ("Payroll Taxes").

16. On average, these Payroll Taxes equal approximately $23,200.00 in the aggregate for each pay period.

17. Before the Petition Date, the Debtors withheld amounts from Employees' earnings for the Payroll Taxes, but such funds may not have been forwarded to the appropriate taxing authorities prior to the Petition Date. The Debtors seek authority, in their discretion, to continue to honor and process the prepetition obligations with respect to the Payroll Taxes on a postpetition basis, in the ordinary course of business, as routinely done prior to the Petition Date**.**

18. Other Deductions include Union Dues and benefits as well as 401k contributions made on behalf of employees which are routinely deducted from the paychecks, and equal approximately $3,200.00 per week.

19. The Debtors seek authority, in its discretion, to continue to honor and process prepetition obligations with respect to the Deductions, in the ordinary course of business, as routinely done prior to the Petition Date.

**Employee Benefits**

20. The Debtors provide its eligible full-time Employees with approximately two-thirds of the cost of its health benefits.

**Workers Compensation**

21. The Debtors also maintains workers' compensation liability coverage, which is required by applicable state law.

22. By this Motion, the Debtors seek authority to (a) continue to maintain its Workers' Compensation Coverage Programs in the ordinary course of business, including payment of third-party administrators' fees, and (b) pay any amounts related thereto that (i) accrued prepetition and (ii) accrued postpetition but relate to the prepetition period.

# BASIS FOR RELIEF

## Ample Cause Exists For the Court to Authorize the Debtors to Pay Employee Wages and Honor Employee Benefits Program.

23. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code, the Debtors seek authority to continue its wages and benefits policies and programs on a postpetition basis, and to pay all of their obligations owed thereunder in the ordinary course of business as of the Petition Date, without regard to whether such obligations accrued before or after the Petition Date.

24. Courts have routinely granted the relief requested herein. See, e.g., In re Dana Corp., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. March 3, 2006); In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Feb. 1, 2006); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Dec. 21, 2005); In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005); In re Delta Air Lines, Case No. 05- 17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005).

25. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) is frequently cited as a basis to authorize the relief sought herein. See In re Chateaugay Corp., 80 B.R. 279, 287 (S.D.N.Y. 1987) (affirming a bankruptcy court order authorizing the debtor to pay prebankruptcy wages, salaries, employee benefits, reimbursements and workers' compensation claims and premiums).

26. The Court may also grant the relief requested herein pursuant to section 363 of the Bankruptcy Code which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §

363(b)(1). In order to do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors," In re Ionosphere Clubs, Inc., 98 B.R. at 175. Here, the Debtors have a workforce on which they rely heavily. Payment of the Wages and Benefits to the Employees is critical in order to maintain its workforce and move towards a successful reorganization.

27. The Debtors submit that grounds exist to grant the request to pay prepetition amounts related to Wages and Benefits policies and programs.

28. The Debtors also believe that the vast majority of the amounts related to Wages and Benefits that they seek to pay pursuant to this Motion are entitled to priority status under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code and do not exceed $10,950 for any individual Employee. As such, the Debtors are required to pay these claims in full to confirm a plan of reorganization. See 11 U.S.C. § 1129(a)(9)(B) (requiring payment of certain allowed priority claims for wages, salaries, and commissions, and certain allowed unsecured claims for contributions to an employee benefit plan).

29. Accordingly, granting the relief sought herein would only affect the timing, and not the amount, of the payment with respect to the wages and benefits.

30. Additionally, the failure to remit Payroll Taxes and other Withheld Amounts may subject the Debtors and their directors and officers to federal or state liability. Furthermore, because such funds do not constitute property of the Debtors estates, the funds are not subject to the normal bankruptcy prohibitions against payment.

31. The Debtors therefore request authority to transmit such withheld amounts to the proper parties and authorities in the ordinary course of business.

32.     Finally, the Debtors do not to seek to assume any executory contracts or obligations at this time, and therefore, nothing contained in this Motion should be deemed to be an assumption or adoption of any policy, procedure or executory contract that may be described or referenced herein. Also, the Debtors will retain the discretion to not make the payments contemplated by this Motion for particular Employees, and nothing in this Motion will, in and of itself, constitute a promise or guarantee of any payment to any Employee.

### The Court Should Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers Relating to Employee Wages and Benefits.

33.     The Debtors request that all applicable banks and other financial institutions be authorized and directed to receive, process, honor and pay all checks presented for payment, and to honor all fund transfer requests made by the Debtors related to the wages and benefits policies and programs, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date.

34.     For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of all parties in interest.

### RESERVATION OF RIGHTS

35.     Notwithstanding anything in this Motion or the Order to the contrary, the payment of any claims pursuant to the Order (if entered by the Court) and other honoring of the Employee Wages and Benefit claims shall neither (i) make such obligations administrative expenses of the estates entitled to priority status under sections 503 and 507 of the Bankruptcy Code nor (ii) constitute approval by this Court of any employee plan or program under any section of the Bankruptcy Code, including section 503(c).

**NOTICE**

36. No trustee, examiner or creditors' committee has been appointed in the Chapter 11 Case. The Debtors have provided notice of this Motion to: (a) the United States Trustee; (b) the creditors listed on the Debtors' consolidated list of twenty (20) largest unsecured creditors, as filed with the chapter 11 petition, and its secured creditors. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

**NO PRIOR REQUEST**

37. No prior motion for the relief requested herein has been made to this Court or any other Court.

**WAIVER OF MEMORANDUM OF LAW**

38. In accordance with Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, no separate memorandum of law is necessary as all authorities relied on in support of this Motion are set forth herein.

**WHEREFORE,** the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, (A) authorizing, but not directing, the Debtors to (1) pay and honor certain prepetition claims for (i) wages, salaries, employee benefits and other compensation, (ii) withholdings and deductions and (iii) reimbursable expenses; (2) continue to provide employee benefits in the ordinary course of business; (3) pay all related costs and expenses; (B) directing banks to receive, process, honor and pay all checks presented for

payment and electronic payment requests relating to the foregoing; and (C) granting such other and further relief as the Court deems appropriate.

Dated: Harrison, New York
      January 12, 2009

> Respectfully submitted,
>
> RATTET, PASTERNAK & GORDON-OLIVER, LLP
> Proposed Attorneys for the Debtors
> 550 Mamaroneck Avenue
> Harrison, New York 10528
> (914) 381-7400
>
>
> By:   */s/ Jonathan S. Pasternak*
>      Jonathan S. Pasternak