UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                               Chapter 11

BYRAM CONCRETE & SUPPLY INC.,                        Lead Case No. 09-22037 (RDD)
SOUTH STREET MATERIALS, INC. and                      (Jointly Administered)
BYRAM READY MIX, INC.,

                        Debtors.
---------------------------------------------------------------X

**ORDER APPROVING DEBTORS' FIRST AMENDED JOINT
DISCLOSURE STATEMENT, FIXING TIME FOR FILING
ACCEPTANCES OR REJECTIONS OF FIRST AMENDED JOINT
PLAN OF REORGANIZATION AND SCHEDULING HEARING
TO CONSIDER (1) CONFIRMATION OF FIRST AMENDED
JOINT PLAN OF REORGANIZATION AND (2) FINAL
APPLICATIONS FOR PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

A First Amended Joint Disclosure Statement pursuant to Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code"), dated October 2, 2009 (the "Disclosure Statement") having been filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), referring to the First Amended Joint Plan of Reorganization, dated October 2, 2009 (the "Plan"); and it appearing that all objections, formal or otherwise, have either been resolved, withdrawn or overruled; and it having been determined, after a hearing on due notice held before the Court on September 22, 2009 and continued on September 30, 2009, that the Disclosure Statement, as revised, contains adequate information in accordance with Section 1125 of the Bankruptcy Code; and adequate notice having been given and good cause appearing therefor,

**NOW,** upon the motion of Rattet, Pasternak & Gordon-Oliver, LLP, attorneys for the Debtors, it is hereby

**ORDERED** that the Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code and is hereby approved in all respects; and it is further

**ORDERED** that in advance of the service date of the documents as set forth below, the Disclosure Statement may be amended or modified to incorporate immaterial modifications and fill in blanks; and it is further

**ORDERED** that earlier versions and interim forms of the Disclosure Statement and Plan are of no force or effect; and it is further

**ORDERED** that the Plan may be modified prior to or at the confirmation hearing scheduled herein in accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and it is further

**ORDERED** that the Debtors are authorized and empowered to distribute the Plan and Disclosure Statement, as they may be modified in accordance with the foregoing, and solicit acceptances or rejections for the Plan pursuant to Section 1125 of the Bankruptcy Code; and it is further

**ORDERED** that service of the Disclosure Statement and Plan, including all exhibits to both, on all known creditors, counsel to the Plan Funder[1], counsel to the Creditors' Committee, the United States Trustee, the Debtors' taxing authorities and all parties in interest be deemed sufficient notice pursuant to Bankruptcy Rule 3017 if effectuated on or before October 6, 2009; and it is further

**ORDERED,** that the hearing to consider (a) confirmation of the Plan and (b) final applications for professional compensation and reimbursement of expenses will be held on

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Disclosure Statement or the Plan.

October 28, 2009 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, Courtroom 610, New York, New York 10004-1408, provided that the confirmation hearing and final fee applications may be adjourned from time to time without further notice; and it is further

**ORDERED** that that Debtors shall transmit a copy of the Disclosure Statement (with exhibits), a ballot conforming to Official Form No. 14 (the "Ballot") (to parties in interest entitled to vote to accept or reject the Plan), and a letter of solicitation from counsel to the Creditors' Committee, if any, by regular mail to all creditors, equity security holders, and other parties in interest as provided in Bankruptcy Rule 3017(d) on or before October 6, 2009; and it is further

**ORDERED** that the Court hereby authorizes Jonathan Pasternak, Esq. to act as the Balloting Agent (the "Balloting Agent"). To be counted, Ballots for accepting or rejecting the Plan must be actually received at the addresses set forth in the Ballot instructions on or before October 26, 2009 (the "Voting Deadline"). Ballots may be returned by mail or by overnight courier to the address set forth in the Ballot instructions, or by hand delivery to such address (Ballots will not be accepted if faxed or emailed); and it is further

**ORDERED** that the Debtors, with the consent of the Creditors' Committee and subject to any necessary approval of the Bankruptcy Court, may extend or waive the period during which votes will be accepted by the Debtors, in which case the Voting Deadline for such solicitation shall mean the last time and date to which such solicitation is extended; and it is further

**ORDERED** that the Debtors will use the following tabulation procedures to tabulate the votes on the Plan. For the purpose of voting, the amount of a claim used to tabulate acceptance or rejection of the Plan shall be: (a) the claim amount listed in the Debtors' schedules of liabilities, <u>provided</u> that (i) such claim is not scheduled as contingent, unliquidated or disputed and (ii) no proof of claim has been timely filed; (b) if a proof of claim has been timely filed, the liquidated amount specified in such proof of claim to the extent that the proof of claim is not the subject of an objection filed by the Debtors before the Voting Deadline (or in the case of claims resolved pursuant to a stipulation or order entered by the Bankruptcy Court before the Voting Deadline, the amount set forth in such stipulation or order); or (c) the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a), after notice and a hearing on or before the date of the confirmation hearing, as applicable.  Any creditor whose claim is subject to a pending objection and who wishes to have its vote counted, must file an appropriate motion with the Bankruptcy Court under Bankruptcy Rule 3018 and obtain an order allowing its claim for voting purposes on or before the confirmation hearing.  The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

i. Any Ballot received after the Voting Deadline unless the Debtors, with the consent of the Creditors' Committee and subject to any required Bankruptcy Court approval, shall have granted in writing an extension of the Voting Deadline with respect to such Ballot;

ii. Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder or that does not indicate either an acceptance or a rejection of the Plan;

      iii.      Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

      iv.      Any Ballot cast for a claim scheduled as unliquidated, contingent, or disputed for which no proof of claim was timely filed;

      v.      Any unsigned Ballot; or

      vi.      Any Ballot transmitted to the Balloting Agent by facsimile or email.

Additionally, if a single creditor files multiple Ballots with respect to multiple claims within a single class and those ballots alternatively accept and reject the Plan, none of those Ballots will count as an acceptance or rejection of the Plan. A Ballot will not constitute and will not be deemed a proof of claim or an assertion or admission of a claim. Receipt of a Ballot will not constitute and will not be deemed an admission or acknowledgement of the validity of any claim; and it is further

**ORDERED** that the Balloting Agent shall inspect, monitor and supervise the solicitation process and shall be responsible for tabulating Ballots and certifying with the Court the outcome of the balloting. The Balloting Agent shall file a voting tabulation report with the Court no later than 5:00 p.m. (prevailing Eastern Time) on October 27, 2009; and it is further

**ORDERED** that all professionals retained in the Debtors' chapter 11 cases shall file with the Court at the Court's website **www.nysb.uscourts.gov/** (login and password required) (with a courtesy copy delivered directly to Chambers), on or before October 8, 2009, a final application for professional compensation and reimbursement of expenses pursuant to Section 330 of the Bankruptcy Code (the "Fee Applications") and serve a copy of same by first class mail upon (a) Rattet, Pasternak & Gordon Oliver, LLP, Attorneys for the Debtors, 550 Mamaroneck Avenue, Harrison, NY 10528, attn: Jonathan S. Pasternak, Esq.; (b) Fox Rothschild LLP, counsel to the

Creditors' Committee, 997 Lenox Drive - Building 3 Lawrenceville, NJ 08648, Attn: Hal Baume, Esq.; and (c) Office of the U.S. Trustee, 33 Whitehall, New York, NY 10004, Attn: Greg Zipes, Esq.; and it is further

**ORDERED** that the Debtors shall file a notice of the Fee Applications with the Court (with a courtesy copy delivered directly to Chambers) and serve it upon: (a) all creditors; (b) all parties filing notices of appearance; (c) counsel to the Plan Funder; (d) counsel to the Creditors' Committee and (e) the United States Trustee by first class mail on or before October 8, 2009, which service, if effectuated, shall be deemed good and sufficient service pursuant to Bankruptcy Rule 2002; and it is further

**ORDERED** that objections to (a) confirmation of the Plan pursuant to Bankruptcy Rule 3020(b)(1) and/or (b) any Fee Applications, will be timely and considered by the Court if made in writing, and filed with the Court at the Court's website www.nysb.uscourts.gov (login and password are required) (with a courtesy copy delivered directly to Chambers) and served upon: (a) Rattet, Pasternak & Gordon-Oliver, LLP, attorneys for the Debtors, 550 Mamaroneck Avenue, Harrison, NY 10528, Attn: Jonathan S. Pasternak, Esq.; (b) Fox Rothschild LLP, counsel to the Creditors' Committee, 997 Lenox Drive - Building 3 Lawrenceville, NJ 08648, Attn: Hal Baume, Esq.; (c) DLA Piper LLP (US), counsel to the Plan Funder, 1251 Avenue of the Americas, New York, New York 10020-1104, Attn: Jeremy R. Johnson, Esq.; and (d) the Office of the U.S. Trustee, 33 Whitehall, New York, NY 10004, Attn: Greg Zipes, Esq., so as to be received on or before October 26, 2009 at 5:00 p.m. The Court shall consider timely filed written objections, and objections not timely filed and not served in accordance with the terms herein may be overruled and deemed waived; and it is further

**ORDERED** that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
October 5, 2009

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE