Klinger & Klinger
Accountants for the Debtors
310 East Shore Road
Great Neck, NY 11023
(516) 829-4646
Lee Klinger, CPA

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

                                                Chapter 11
Byram Concrete Supply, et al                   Case No. 09-22037-rdd
                                                (Jointly Administered)

                          Debtors.
------------------------------------------------------x

## **SUPPLEMENTAL FINAL FEE APPLICATION OF KLINGER & KLINGER, LLP, ACCOUNTANTS FOR THE DEBTORS, FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §330**

THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

       Klinger & Klinger, LLP ("Klinger or Applicant"), accountant for Byram Concrete & Supply, Inc.. ("BCS"), Byram Ready Mix, Inc. ("BRM"), & South Street Materials, Inc.. ("SSM") debtors in possession (collectively, the "Debtors"), as and for its application (the "Application") for a final allowance of compensation and reimbursement of expenses pursuant to U.S.C. §330(a) of Title 11 of the United States Code (the "Bankruptcy Code") respectfully shows and alleges:

### **BACKGROUND**

1.      On January 12, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code the ("Bankruptcy Code").

Since the Petition Date, the Debtors have continued to manage their properties as debtors-in-possession under §§1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. On or about March 23, 2008, the United States Trustee formed a committee of unsecured creditors herein.

3. An order approving the joint consolation of the Debtors cases were entered by the Court on January 16, 2009.

4. On February 11, 2009, an order was entered approving the Debtors' retention of Rattet Pasternak & Gordon-Oliver ("RPG") as counsel for the Debtors, **nunc pro tunc** as of the Petition Date.

5. Leonard Luiso ("LL") is the president and sole shareholder of the Debtors.

6. On March 3, 2009, this court entered an order approving the Debtors to retain Klinger & Klinger, LLP. ("Klinger") as accountants for the Debtors in these Chapter 11 cases **nunc pro tunc** as of the Petition Date.

7. The Debtors are affiliated entities as they share common ownership by LL. BSC was the main operating Debtor. BSC provided concrete & material supplies to contractors & municipal agencies in the County of Westchester.

8. Pursuant to an order of this Court dated October 5, 2009, the Debtors first amended joint disclosure statement was approved.

9. The Debtors are substantially current with the filing of monthly operating reports and the payment of quarterly fees.

10. This Court has jurisdiction herein pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are §330 of the Bankruptcy Code.

11.     On October 28, 2009 the Debtor's Chapter 11 Plan of Reorganization was confirmed.

## RELIEF SOUGHT

12. **Applicant makes this Application for final compensation for fees in the amount of $16,962.50 and for reimbursement of expenses in the sum of $352.15, for a balance in the sum of $17,314.65, for the period of October 1, 2009 through November 28, 2009 (the "Fee Period") incurred as accountants for the Debtors.**

## APPLICANTS HISTORY

13.     Klinger is well qualified in its field. Since 1958, Klinger has participated in and represented various parties in numerous Chapter 11 and Chapter 7 cases in both the Eastern District of New York and the Southern District of New York as accountants for debtors, unsecured creditors committees, and trustees. Klinger submits that because of the experience of its accountants, it has been able to accomplish the tasks described in this Application more efficiently than could less experiences firms. Moreover, the hourly rates charged by Klinger are reasonable and within range of, and in many instances lower than, those charged by accountants with similar experience. The compensation South is based on Klinger's hourly chargers for the professional time expended on behalf of the debtors.

## TIME RECORDS AND RECEIPTS

14. Exhibit "A" to this Application consists of daily time records detailing, on a day-by-day basis the hours expended by Klinger and the nature of professional services rendered by Klinger during the Fee period.

15. Exhibit "B" to this Application is a schedule of the actual expenses incurred by Klinger during the Fee Period in connection with the rendition of services to the Debtor's, on a day-by-day basis, arranged chronologically.

16. Exhibit "C" to this Application is a summary of fees & expenses previously applied & awarded, the current fees & expenses being applied for, & the payments received to date.

17. Klinger charged hourly rates of $350 for partners to $150 for administrative assistants. The aggregate time charges from October 1, 2009 through November 28, 2009, are $16,962.50. The blended hourly rate is $262 per hour. The actual & necessary out of pocket expenses incurred for copying, postage, fax, travel, & other amounts during the same period amount to $352.15.

18. Certain significant aspects of Klinger's work are summarized below in a narrative form. The following does not contain a complete description of the professional services rendered by Klinger. It is intended solely to identify the significant work performed by Klinger for the benefit of the Court, the United States Trustee and interested parties. Reference is made to Exhibit "A" of this Application for a more detailed description of the professional services rendered by Klinger.

## SUMMARY OF SERVICES RENDERED

19. During the Fee Period, Klinger provided accounting advice & services to the Debtors and their estates relating to the general administration of the Debtors cases, including:

a. Communicating with the Debtors, the Debtors attorneys regarding important details of these cases & providing them all with timely financial information.

b. Assisting in the preparation of Bankruptcy Schedules & the Statements of Financial Affairs.

c. Preparing the detailed projections to accompany each financing order.

d. Preparing monthly operating reports for three separate debtors, including reporting on a consolidated basis.

e. Working with the Debtors accounting personnel to establish computerized bookkeeping & the financial books & record of the Debtors.

f. Working with the Debtors to establish budgets & preparing actual to budgeted comparison reports.

g. Preparation of Federal, State, & Local Income Tax Returns.

h. Communication & correspondence with the accountants for the Committee of Unsecured Creditors.

i. Direct involvement with negotiations with the Committee of Unsecured Creditors.

## BASIS FOR RELIEF REQUESTED

20. Bankruptcy Code §330(a)(1) provides that the bankruptcy court may award compensation to professionals:

a. reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

b. reimbursement for actual, necessary expenses.

11. U.S.C. §330 (a)(3) provides certain factors courts should consider:

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

The time spent on such services;

    a. The rates charged for such services;

    b. Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    c. Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

    d. Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

21. In an attempt to define "reasonable compensation" courts have utilized the "loadstar" approach, which requires multiplying the number of hours reasonable

expended on the case by a reasonable hourly rate. See e.g. In re Poseidon Pools, 180 B.R.

718,732 (Bankr. E.D.N.Y. 1995); In re Cena's Fine Furniture,Inc., 109 B.R. 575,581 (Bankr. E.D.N.Y. 1990); In re Stable Mews Assocs., B.R. 395,398 (Bankr. S.D.N.Y. 1985); Yermakov v. Fitzsimmons (In re Yermakov), 718 F.2d 1465, (9th Cir. 1983).

22. Klinger submits that consideration of the factors set the forth in U.S.C. 11 $ 330 support its request for the allowance and payment of compensation for professional services rendered to the Debtors during the Fee Period, and that the requested compensation is reasonable and justified.

23. In addition to the time spent and the rate charged for the services, courts should consider whether the services were necessary to the administration of or beneficial toward the completion of the case. 11 U.S.C. $ 330(a)(3)(c). Klinger submits that all of its services were both necessary and beneficial to the Debtors cases.

## U.S. TRUSTEE'S COMPENSATION GUIDELINES

24. Klinger has carefully review its fees and expenses to ensure that they meet the requirements of the UST Guidelines. All time expended by Klinger, accountants and paraprofessionals in this case has been recorded in one-tenth hour increments. Additionally, as detailed more fully below, all reimbursement request for expenses are within the limits set forth in the UST Guidelines.

25. Based on the foregoing, Klinger submits that the services it has performed in this case justify the request compensation and that, in view of the policy underlying

Bankruptcy Code § 330 that accountants practicing in other fields, the final compensation requested should be allowed in full.

## DISBURSEMENTS

26. Klinger has billed the sum of $352.15 as reasonable and necessary out-of-pocket expenses incurred on behalf of the Debtor. Exhibit "B: to this Application is a schedule of the actual & necessary expenses incurred by Klinger during the Fee period in connection with the rendition of services, on a day-to-day basis arranged chronologically. Nor portion of the disbursements sought to be reimbursed constitutes other than allowable expenses provided in the UST Guidelines.

27. Klinger charges $0.55 cents per mile for mileage, $0.39 cents per page for photocopies and $1.25 per page for outgoing facsimile transmissions. Klinger also charges for the actual cost of postage, telephone calls and other reimbursable expenses; Klinger does not make a profit on any of these expenses it charges to its clients. Klinger has made every effort to minimize its disbursements in this case. Each of the expenses incurred by Klinger in providing professional services to the Debtors was necessary, reasonable, & justified under the circumstances to serve the needs of the Debtors and the interests of creditors.

## APPLICANT HAS NO CONFLICTS OF INTEREST

Klinger does not directly hold claims against the Debtors. Klinger has received no promise of payment for such services. Klinger has not shared with any person, or entered into any agreement or understanding to share with any person, compensation received or to be received for services rendered in or in connection with this case, except as permitted

by the Bankruptcy Code and Bankruptcy Rules. No agreement or understanding prohibited by 18 U.S.C §155 has been made by Klinger.

## NOTICE

Copies of this Application will be served upon; (a) the Office of the United States Trustee; (b) counsel for the Debtors (c) all parties who filed notices of appearance or request for notices in the Debtors cases. When a hearing date is set for the Court to consider the Application, notice will be provided to the above persons and all creditors of the Debtors as set forth in the Debtors schedules.

## CONCLUSION

Based on the foregoing, Klinger submits its request for this final allowance of compensation and reimbursement of expenses is well supported by Bankruptcy Code U.S.C. 330 and should be granted.

**WHEREFORE, KLINGER** respectfully requests;

a. Final allowance of compensation for professional services rendered as Chapter 11 accountants for the Debtors during the Fee Period in the sum of $16,962.50, and for reimbursement of expenses in the sum of $352.15 for a balance in the sum of $17,314.65 for the period of October 1, 2009 through November 28, 2009 (the "Fee Period") incurred as accountant for the Debtors.;

b. An order authorizing payment of $16,962.50 for professional services and $352.15 in expenses reimbursement for professional services rendered as Chapter 11 accountants for the Debtors during the Fee Period; and

c. Such further relief as the Court deems proper.

Dated: Great Neck, New York
December 19, 2009

Respectfully submitted,

**KLINGER & KLINGER, LLP**

By */s/ Lee Klinger, CPA*
    Lee Klinger, CPA
    310 E. Shore Road
    Great Neck, NY 11023
    (516) 829-4646